IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00234-PAB-3

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.  JEFFREY EUBANKS,

    Defendant.

_____

## ORDER
_____

This matter comes before the Court on Defendant's Motion for Temporary Release [Docket No. 164], wherein defendant Jeffrey Eubanks moves, pursuant to 18 U.S.C. § 3143, for temporary release from presentence detention due to the COVID-19 pandemic.[1]  Mr. Eubanks is currently being held at the GEO facility in Aurora, Colorado.  Docket No. 164 at 6-7, ¶ 13.  Mr. Eubanks claims that he is in a high risk category from COVID-19 due to lung disease and a compromised immune system.  *Id.*  He states that, if granted temporary release, he would live with his wife and son.  *Id*. at 7, ¶ 14.  He does not indicate where his wife lives.  The United States filed a response opposing the defendant's motion.  Docket No. 169.

Mr. Eubanks had a detention hearing on May 13, 2019.  Docket No. 31 at 1.  He contested detention.  *Id*.  The magistrate judge's Order of Detention notes that the

---

[1] In his motion, Mr. Eubanks requests relief pursuant to 18 U.S.C. § 3142(i). Release, however, is not governed by that provision but by 18 U.S.C. § 3143, which Mr. Eubanks admits in reply.  Docket No. 183 at 1, ¶ 1.

defendant rebutted the presumption that he was a flight risk and a danger to the community. *Id.* at 3.  However, the magistrate judge ordered the defendant detained, noting that he "has a history of five prior failures to appear; attempting to flee the courthouse during a proceeding; and criminal behavior on supervision." *Id.*   On October 18, 2019, Mr. Eubanks pled guilty to Count 8, Distribution of a Mixture or Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).  Docket No. 119.  Count 8 is punishable by not more than twenty years imprisonment, not more than $1,000,000 fine, or both; not less than three years and not more than a lifetime of supervised release; and a $100 special assessment fee.  Docket No. 120 at 3.  Mr. Eubanks is set for sentencing on July 24, 2020.  Docket No. 162.

Release of a defendant pending sentencing is governed by 18 U.S.C. § 3143.  Given that Mr. Eubanks has pled guilty to offenses described in § 3142(f)(1)(C) and is therefore subject to the provisions set forth in 18 U.S.C. § 3143(2), in order to be released, he must show that: (1) there is  a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment may be imposed; and (2) by clear and convincing evidence, he is not likely to flee or pose a danger to any other person in the community. 18 U.S.C. §§ 3143(a)(2)(A) and (B).  If a defendant fails to show that both factors apply to him, the judge shall detain the defendant.  18 U.S.C. § 3143(a).  Mr. Eubanks has provided no indication that he satisfies the first requirement.

Notwithstanding the mandatory detention provisions of 18 U.S.C. § 3143, the court may still release a defendant pending sentencing pursuant to 18 U.S.C. § 3145(c). *See United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997) (per curiam). "A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . ., may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Here, the defendant does not meet the conditions of release under § 3143(a)(1). The defendant has a history of failures to appear, including attempting to flee the courthouse during a proceeding, as noted in the Order of Detention. Docket No. 31 at 3. Moreover, he is a danger to the community if released, as shown by his guilty plea in this case, his previous convictions, which include convictions for brandishing a firearm during a crime of violence in the U.S. District Court for the Middle District of Georgia, drug dealing, and felony menacing, Docket No. 124 at 10-15, and his criminal behavior on supervision.[2] Finally, even if the defendant did satisfy the requirements of § 3143(a)(1), the defendant has failed to show exceptional circumstances. As noted by the government, GEO has instituted measures to protect

---

[2] Mr. Eubanks argues that his detention was based on previous counts to which he did not plead guilty. Docket No. 183 at 2-3, ¶ 5. As a result, he contends that the current analysis should not focus on those others counts. *Id.* However, the Order of Detention did not analyze those counts when determining whether Mr. Eubanks was a flight risk or danger to the community. Rather, the magistrate judge looked to Mr. Eubanks' history of failure to appear and criminal activity on supervision, which are still relevant to whether Mr. Eubanks should now be granted temporary release. The Court also does not consider the contraband charges brought against Mr. Eubanks while at GEO which have since been dropped.

inmates from the spread of COVID-19. *See* Docket No. 169 at 8-9. There are no inmate cases of COVID-19 at GEO as of the date of this order, *ICE Guidance on COVID-19: Confirmed Cases*, U.S. Immigration and Customs Enf't, https://www.ice.gov/coronavirus (last updated Apr. 16, 2020), and the employees who did test positive did not have access or contact with inmates. Docket No. 169 at 8. Additionally, those employees have been at home since March 13, 2020. *Id.* Therefore, even under § 3145(c), the motion will be denied.

WHEREFORE, it is ORDERED that Defendant's Motion for Temporary Release [Docket No. 164] is denied.

DATED April 17, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge